UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                      Case No.8:09-CR-132-T-33EAJ

SYLVESTER BRANTLEY

_____/

O R D E R

This cause comes on for consideration of Defendant's Motion for Resentencing Based on Retroactive Supreme Court Decision (D-59), and the Government's response (D-61).

Defendant was charged in an Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possessing crack cocaine in violation of 21 U.S.C. § 844(a). He entered into a written plea agreement to Count One of the Indictment. On January 14, 2010, the Court sentenced Defendant to a term of imprisonment of 180 months, the minimum mandatory sentence, to be followed by a 60 month term of supervised release. Defendant did not appeal.

In August 2011, Defendant filed his § 2255 motion asserting ineffective assistance of counsel in failing to file an appeal. He also asserted that he was actually innocent of the armed career criminal enhancement and that his counsel was

ineffective in failing to object to the enhancement.

After an evidentiary hearing, by order dated December 6, 2011, the Court found that there was no credible evidence that Defendant had requested his counsel file an appeal and that his § 2255 motion was untimely. In the alternative, the Court found that Defendant had not shown that he was actually innocent of the ACCA enhancement. Defendant did not appeal the order.

In October 2012, Defendant filed a motion for relief from judgment claiming that the Court erred in denying his claim regarding the ACCA enhancement. In support of his claim that his North Carolina convictions did not constitute violent felonies for purposes of the ACCA, he relied on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

By order dated October 23, 2012, this Court found that there was not a fundamental miscarriage of justice that would excuse the Defendant's failure to file a timely § 2255 motion. Specifically, this Court explained that Defendant's claim of legal innocence did not excuse his procedural deficiency. Defendant did not appeal the order.

Defendant next filed a motion pursuant to 28 U.S.C. § 2241 in the District Court for the Southern District of Georgia. The Warden initially responded that Defendant was

entitled to relief because his North Carolina sentencing court had made no criminal history findings to expose him to more than one year imprisonment and, therefore, he had not faced a term of imprisonment exceeding one year. However, after the Eleventh Circuit issued its decision in <u>Williams v. Warden, Fed. Bureau of Prisons</u>, 713 F.3d 1332 (11th Cir. 2013), <u>pet. for cert. filed</u>, 82 USLW 3614 (April 8, 2014), the Warden asserted the district court lacked subject matter jurisdiction. Defendant's § 2241 petition was dismissed on December 20, 2013. His motion for reconsideration was denied July 2, 2014. His appeal in that case is pending before the Eleventh Circuit.

Defendant now returns to this Court again seeking to be resentenced "based on retroactive Supreme Court decision." He continues to claim that he was improperly sentenced under the ACCA resulting in a fundamental defect in his sentence and constituting a miscarriage of justice.

Defendants fails to cite to any retroactive Supreme Court decision that is applicable to Defendant's situation. Furthermore, <u>Simmons</u> is not a Supreme Court case and cannot be invoked in connection with exception to the statutory limitations period set forth 28 U.S.C. § 2255(f)(3).

As the Court previously found in its October 23, 2012

order, Defendant's claim that his North Carolina convictions were improperly used to enhance is sentence is a claim of legal innocence rather than factual innocence and does not excuse his procedural deficiency. <u>McKay v. United States</u>, 657 F.3d 1190 (11th Cir. 2011), <u>cert. denied</u>, 133 S.Ct. 112 (2012).

IT IS ORDERED that:

(1) Defendant's Motion for Resentencing Based on Retroactive Supreme Court Decision (D-59) is DENIED.

DONE AND ORDERED at Tampa, Florida this 15th day of September, 2014.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE