UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.8:09-CR-132-T-33EAJ

SYLVESTER BRANTLEY

_____/

O R D E R

This cause comes on for consideration of Defendant's Motion for Resentencing Pursuant to Johnson v. United States (D-63), and the Government's response (D-67).

Defendant previously pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On January 14, 2010, the Court sentenced Defendant to a term of imprisonment of 180 months, the minimum mandatory sentence, to be followed by a 60 month term of supervised release. Defendant did not appeal.

In August 2011, Defendant filed his § 2255 motion asserting ineffective assistance of counsel in failing to file an appeal. He also asserted that he was actually innocent of the armed career criminal enhancement and that his counsel was ineffective in failing to object to the enhancement.

After an evidentiary hearing, by order dated December 6, 2011, the Court found that there was no credible evidence that

Defendant had requested his counsel file an appeal and that his § 2255 motion was untimely. In the alternative, the Court found that Defendant had not shown that he was actually innocent of the ACCA enhancement. Defendant did not appeal the order.

In October 2012, Defendant filed a motion for relief from judgment claiming that the Court erred in denying his claim regarding the ACCA enhancement. In support of his claim that his North Carolina convictions did not constitute violent felonies for purposes of the ACCA, he relied on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

By order dated October 23, 2012, this Court found that there was not a fundamental miscarriage of justice that would excuse the Defendant's failure to file a timely § 2255 motion. Specifically, this Court explained that Defendant's claim of legal innocence did not excuse his procedural deficiency. Defendant did not appeal the order.

In August 2014, Defendant filed a motion seeking resentencing "based on retroactive Supreme Court decision." He again claimed that he was improperly sentenced under the ACCA resulting in a fundamental defect in his sentence and constituting a miscarriage of justice. By order dated

September 18, 214, the Court denied Defendant's motion.

Defendant again returns to the Court seeking resentencing pursuant to Johnson v. United States, 135 S.Ct. (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process because the clause is unconstitutionally vague. The Government responds that the Court lacks jurisdiction to consider Defendant's motion because it constitutes a successive motion pursuant to 28 U.S.C. § 2255. The Government further argues that even if Defendant received permission from the Eleventh Circuit to file the motion, he would not be entitled to relief because the Court did not rely on the residual clause in determining that Defendant's convictions qualified as ACCA violent felonies.

Petitioner's motion is successive. Prior to filing a second or successive § 2255 motion, a prisoner must seek leave from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Because Petitioner did not obtain permission from the Eleventh Circuit to file his motion, the Court lacks jurisdiction to consider the motion.

Even if Defendant's motion were not successive, he would not be entitled to relief. In this regard, the Court sentenced Defendant as an armed career criminal based on his prior convictions for sale of cocaine and breaking and entering. The Court did not rely on the residual clause in making a determination that breaking and entering in violation of North Carolina law is categorically a violent felony. (See D-57, p. 20.)

IT IS ORDERED that:

(1) Defendant's Motion for Resentencing Based on Retroactive Supreme Court Decision (D-59) is DISMISSED for lack of jurisdiction.

DONE AND ORDERED at Tampa, Florida this 23rd day of September, 2014.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE