UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:9-cr-132-T-33AAS

SYLVESTER BRANTLEY

_____/

## ORDER

This cause is before the Court pursuant to pro se Defendant Sylvester Brantley's Motion for Compassionate Release (Doc. # 83), filed on July 24, 2020. The United States responded on August 11, 2020. (Doc. # 90). For the reasons set forth below, the Motion is denied.

## I.  Background

In January 2010, the Court sentenced Brantley to 180 months' imprisonment for possession of a firearm by a convicted felon. (Doc. # 47). Brantley is 43 years old and his projected release date from Butner FMC is February 2, 2022. (Doc. # 90 at 2).

In the Motion, Brantley seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying medical conditions. (Doc. # 83). Alternatively, Brantley

1

requests that the Court grant him home confinement. (Id.). The United States has responded. (Doc. # 90). The Motion is ripe for review.

## II.   Discussion

### A.   Request for Home Confinement

In his Motion, Brantley requests that the Court grant him home confinement. (Doc. # 83 at 9). However, the Court has no authority to direct the Bureau of Prisons (BOP) to place Brantley in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Brantley's request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

**B.    <u>Request for Compassionate Release</u>**

Regarding Brantley's request for compassionate release, the United States argues that the Motion should be denied (1) because Brantley has failed to exhaust administrative remedies and (2) on the merits. (Doc. # 90 at 8). The Court agrees with the United States that the Motion should be denied on the merits.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Brantley argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Brantley alleges that he has exhausted his administrative remedies: "Defendant submitted his request for compassionate release to FCC Warden Scarantino on June 17, 2020. Thirty days have now passed without a response from the warden, making this matter ripe." (Doc. # 83 at 2, 30-34). Without explanation or reference to Brantley's allegedly unanswered request, the United States concludes that Brantley has not exhausted his administrative remedies. (Doc. # 80 at 8-11). Because the United States does not address Brantley's June 17 request, the Court will assume for the sake of this Motion that he has exhausted his administrative remedies because 30 days have lapsed since the filing of his request and the Warden has allegedly not responded. (Doc # 83 at 2).

However, the Court denies the Motion because his circumstances are not extraordinary and compelling. The

Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Brantley bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Brantley alleges that he suffers from underlying health conditions, including hypertension, high cholesterol, and obesity, (Doc. # 83 at 1), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Perez-Asencio, No. 18-cr-3611-H, 2019 WL 626175, at *3 (S.D. Cal. Feb. 14, 2019) (concluding the defendant's medical conditions did not qualify him for compassionate release because he did not provide medical records or documentation). Indeed, Brantley has provided no

5

documentation for these alleged underlying health conditions. (Doc. # 83).

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Brantley has not shown an extraordinary and compelling reason that justifies compassionate release.

While Brantley's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/

6

1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/ 20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sylvester Brantley's pro se Motion for Compassionate Release (Doc. # 83) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE